**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Lisa Brabbit, as Trustee for the next of kin of Richard Bild,

        Plaintiff,

v.

Frank Capra, *et al.*,

        Defendants.

Case No. 19-cv-3062 (DWF/ECW)

**STIPULATION FOR PROTECTIVE ORDER**

The parties, by and through their respective undersigned counsel, hereby STIPULATE that the Court may enter the following Protective Order:

1. As used in this Protective Order, these terms have the following meanings:

    "Attorneys" means counsel of record;

    "Confidential" documents are documents designated pursuant to paragraph 2;

    "Documents" are all materials within the scope of Fed. R. Civ. P. 34;

    "Outside Vendors" means messenger, copy, coding, and other clerical-services vendors not employed by a party or its Attorneys; and

    "Written Assurance" means an executed document in the form attached as Exhibit A.

90687573.1

2.   A party may designate a document "Confidential," to protect confidential or proprietary information, by conspicuously marking each page with the word "Confidential."

3.   The production of documents designated as Confidential shall be on the following terms and conditions:

(a)   All depositions or portions of depositions taken in this action that contain confidential information may be designated "Confidential" and thereby obtain the protections accorded other "Confidential" documents. Confidentiality designations for depositions shall be made either on the record or by written notice to the other party within 10 days of receipt of the transcript. Unless otherwise agreed, depositions shall be treated as "Confidential" during the 10-day period following receipt of the transcript. The deposition of any witness (or any portion of such deposition) that encompasses confidential information shall be taken only in the presence of persons who are qualified to have access to such information.

(b)   "Confidential" materials (including portions of deposition transcripts that are designated as "Confidential") or information derived therefrom may be disclosed or made available by counsel for the parties only to "Qualified Persons" as defined herein. "Qualified Persons" are:

       i.     the Court and its staff (subject to the provisions of subparagraphs (d) and (e) hereof);

       ii.    counsel and the parties to the action, their law firms and their outside vendors;

       iii.   persons shown on the face of the document to have authored or received it.

       iv.   court reporters employed in connection with any deposition in the action;

       v.    adjusters and appropriate representatives of Washington County and the Minnesota Counties Intergovernmental Trust;

       vi.   outside independent persons (i.e., persons not currently or formerly employed by, consulting with, or otherwise associated with any party) who are retained by a party or its Attorneys to provide assistance as mock jurors or focus group members or the like, or to furnish technical or expert services, and/or to give testimony in this action.

       vii.  In regard to the materials set forth above, any other person agreed to in writing by counsel for the parties to the action.

(c)   "Confidential" materials or information derived therefrom shall not be disclosed by any "Qualified Person" to any other person or persons, except as provided in subparagraphs (b), (d) and (e) hereof.

(d)   The filing of documents under seal shall be governed by the procedures set forth in LR 5.6.

(e)   Nothing contained in this Protective Order shall preclude a party from showing any "Confidential" materials or disclosing information derived therefrom to any actual or potential non-party witness at

either prior to a deposition or trial or during a deposition or a trial, provided that:

    i.    If such disclosure is at a deposition, only "Qualified Persons" may be present, except for counsel for the witness;

    ii.    The actual or potential witness may not be given a copy of any "Confidential" materials to take with him or her; and

    iii.    The actual or potential witness shall be provided a copy of this Protective Order and advised that it is applicable to him or her. Such actual or potential non-party witness and his or her attorney shall be bound by this Protective Order requiring that "Confidential" materials be held in confidence, and shall not disclose the "Confidential" materials nor any information derived from them to anyone who is not a "Qualified Person" within the meaning of this Protective Order.

4. Third parties producing documents in the course of this action may also designate documents as "Confidential," subject to the same protections and constraints as the parties to the action. A copy of this Protective Order shall be served along with any subpoena served in connection with this action. All documents produced by such third parties shall be treated as "Confidential" for a period of 15 days from the date of their production, and during that period any party may designate such documents as "Confidential" pursuant to the terms of this Protective Order.

5. Each person appropriately designated pursuant to paragraphs 3(b)(vi) and 3(b)(vii) to receive Confidential information shall execute a "Written Assurance" in the form attached as Exhibit A.

90687573.1      4

6. Any party or non-party who inadvertently fails to identify documents as "Confidential" shall, promptly upon discovery of its oversight, provide written notice of the error and substitute appropriately-designated documents. If the party provides such notice and description, the privilege and protection is not waived. Any party receiving such improperly-designated documents shall retrieve such documents from persons not entitled to receive those documents and, upon receipt of the substitute documents, shall return or destroy the improperly-designated documents and shall comply with Fed. R. Civ. P. 26(b)(5)(B). Any party who discovers that it may have received an inadvertently disclosed or produced protected document must promptly notify the disclosing or producing party or non-party.

7. Any party may request a change in the designation of any information designated "Confidential". Any such document shall be treated as designated until the change is completed. If the requested change in designation is not agreed to, the party seeking the change may move the Court for appropriate relief, providing notice to any third party whose designation of produced documents as "Confidential" in the action may be affected. The party asserting that the material is Confidential shall have the burden of proving that the information in question is within the scope of protection afforded by Fed. R. Civ. P. 26(c).

8. Nothing herein shall be construed to effect in any way any parties' rights to object to the admissibility of any document, testimony, or other evidence at trial or any other proceeding relating to this matter.

9. If a party receives a subpoena or other court process that arguably calls for the production of "Confidential" materials, they shall provide all other parties' counsel at least 10 days notice before producing any such "Confidential" materials.

10. The "Confidential" materials produced in accordance with this Protective Order shall not be given, conveyed or otherwise transmitted to any member of the broadcast or print media. The parties shall not disclose any of the information contained in the "Confidential" material to any member of the broadcast or print media or their agents.

11. Any party may apply to the Court for a modification of this Protective Order, and nothing in this Protective Order shall be construed to prevent a party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

12. The designation of any document, information, or thing as "Confidential" under this Protective Order is for purposes of this Protective Order only, and shall not be used for the purpose of interpretation or other legal or substantive issues raised in this litigation apart from the application of this Order. No action taken in accordance with this Protective Order shall be construed as a waiver of any claim or defense in the action or of any position as to discoverability or admissibility of evidence.

13. This Protective Order does not in any way prevent the disclosure of public data as defined in Minn. Stat. § 13.43 or Minn. Stat. § 13.82.

14. All persons who have seen or possessed the "Confidential" information shall remain under continuing duty not to reveal any of said "Confidential" information

to any person or entity who is not qualified to receive it pursuant to the provisions hereof, and not to use such information except in connection with this litigation.

15. (a) Each party must make reasonable efforts to protect the confidentiality of any confidential document disclosed or produced to that party.

(b) A party who learns of a breach of confidentiality must promptly notify the disclosing or producing party of the scope and nature of that breach and make reasonable efforts to remedy the breach.

16. (a) Within 60 days after the termination of this action (including any appeals), each party must:

(1) return or destroy all confidential documents; and

(2) notify the disclosing or producing party that it has returned or destroyed all confidential documents within the 60-day period.

(b) Notwithstanding paragraph 16(a), each attorney may retain a copy of any confidential document submitted to the Court or any correspondence quoting material from the confidential document.

17. The obligations imposed by this Protective Order shall survive the termination of this action.

18. All prior consistent orders remain in full force and effect.

Dated:  June 2, 2020                     **ROBINS KAPLAN LLP**

                                                           s/Andrew J. Noel
                                                           Robert Bennett, #6713
                                                           Andrew J. Noel, #322118
                                                           Kathryn H. Bennett, #0392087

        Marc E. Betinsky, #0388414
        800 LaSalle Ave, Suite 2800
        Minneapolis, MN 55402
        Telephone:  612-349-8500
        rbennett@robinskaplan.com
        anoel@robinskaplan.com
        kbennett@robinskaplan.com
        mbetinsky@robinskaplan.com

        AND

        **SIEBEN CAREY**

        s/Jeffrey M. Montpetit
        Jeffrey M. Montpetit, #291249
        901 Marquette Avenue #500
        Minneapolis, MN 55402
        Telephone: 612-333-4500
        jeffrey.montpetit@knowyourrights.com

        ATTORNEYS FOR PLAINTIFF


Dated:  June 2, 2020        **IVERSON REUVERS CONDON**

        s/Stephanie A. Angolkar
        Jason M. Hiveley, #0311546
        Stephanie A. Angolkar, #388336
        Andrew A. Wolf, #398589
        9321 Ensign Avenue South
        Bloomington, MN 55438
        Telephone: 952-548-7200
        jasonh@irc-law.com
        stephanie@irc-law.com
        andrew@irc-law.com

        ATTORNEYS FOR DEFENDANTS

## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Lisa Brabbit, as Trustee for the next of kin of Richard Bild,<br><br>Plaintiff,<br><br>v.<br><br>Frank Capra, *et al.*,<br><br>Defendants. | Case No. 19-cv-3062 (DWF/ECW)<br><br><br><br>**EXHIBIT A** |

_____ declares that: I reside at _____ in the City of _____, County of _____, State of _____. My telephone number is _____. I am currently employed by _____, located at _____, and my current job title is _____.

I have read and I understand the terms of the Protective Order dated _____, filed in Case No. 19-cv-3062 pending in the United States District Court for the District of Minnesota. I agree to comply with and be bound by the provisions of the Protective Order. I understand that any violation of the Protective Order may subject me to sanctions by the Court.

90687573.1

I shall not divulge any documents, or copies of documents, designated "Confidential" obtained pursuant to such Protective Order, or the contents of such documents, to any person other than those specifically authorized by the Protective Order. I shall not copy or use such documents except for the purposes of this action and pursuant to the terms of the Protective Order.

As soon as practical, but no later than 30 days after final termination of this action, I shall return to the attorney from whom I have received them, any documents in my possession designated "Confidential", and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such documents.

I submit myself to the jurisdiction of the United States District Court for the District of Minnesota for the purpose of enforcing or otherwise providing relief relating to the Protective Order.

Executed on _____     _____
(Date)                                                  (Signature)

90687573.1